[Civ. No. 6646. First Appellate District, Division Two.—March 26, 1929.]

BERKELEY CHIROPRACTIC COLLEGE (a Corporation) et al., Respondents, v. JAMES COMPTON et al., Appellants.

Frank J. Kington for Appellants.

Sawyer & Sawyer and F. W. Sawyer for Respondents.

BURROUGHS, J., *pro tem.*—This is an appeal from an order of the superior court of the city and county of San Francisco granting an injunction in favor of the plaintiff the Berkeley Chiropractic College, and against the defendants as the acting state board of chiropractic examiners. The appellants contend that the state board of chiropractic examiners, under and by virtue of a statute of this state creating the board and declaring its powers and duties, has a right of its own motion to conduct an investigation into the qualifications and status of a chiropractic school or college holding itself out to be one organized for the purpose of qualifying applicants for chiropractic licensure. Also to summon witnesses, demand the production of records, examine into the qualifications of teachers of said institution and to pass upon the reputability of such school or college. The injunction granted by the court reads as follows:

"The plaintiffs in the above entitled action having commenced said action by filing their verified complaint against the above named defendants as the State Board of Chiropractic Examiners of the State of California praying for an injunction against said defendants as said Board to refrain from certain acts set forth in said complaint, and hereinafter more particularly mentioned, and this court having issued its order to show cause directed to said defendants directing them to appear and show cause why injunction should not issue as prayed; and said defendants having appeared and filed their demurrer to said complaint, and it appearing to this court as a matter of law that said

defendants have no right, authority or jurisdiction as said Board to do and perform said acts;

"It is therefore ordered, adjudged and decreed that you the said above named defendants James Compton, W. W. Tait, H. D. McFarland, W. N. Clayton and J. K. Gilkerson as said State Board of Chiropractic Examiners of the State of California, do absolutely desist and refrain and you are hereby permanently enjoined and prohibited from conducting any investigation of the plaintiff Berkeley Chiropractic College, a corporation, and/or the qualifications and status thereof as a chiropractic college; and/or to issue citations, subpoenas or other processes, and/or to examine witnesses and take testimony or other evidence in the matter of such investigation of said plaintiff Berkeley Chiropractic College."

The act regulating the practice of chiropractic in this state is found in the Statutes of 1923, page lxxxix, authorizing the creation of a chiropractic board of examiners and defining their powers and duties. It contains, among other provisions, the following:

"The board shall have power: . . .

"(c) To examine applicants and to issue and revoke licenses to practice chiropractic, as herein provided.

"(d) To summon witnesses and to take testimony as to matters pertaining to its duties; and each member shall have power to administer oaths and take affidavits;

"(e) To do any and all things necessary or incidental to the exercise of the powers and duties herein granted or imposed."

The act further provides:

"Sec. 5. . . . each applicant shall be a graduate of an incorporated chiropractic school or college which teaches a course of not less than two thousand four hundred hours, extended over a period of three school terms of at least six months each, and must give satisfactory proof of having attended not less than ninety per cent of said two thousand four hundred hours, and shall present to the board at the time of making such application, a diploma from a high school, or proof, satisfactory to the board, of education equivalent in training power to a high school course."

Appellants contend that under the foregoing provisions the power of the board to examine into the qualification of

colleges, though not expressly given, is implied and in support of its contention appellant cites the general rule of implied powers from Throop on Public Officers, section 342, as follows: ''That in addition to the powers expressly given by statute to an officer or a board of officers he or it has, by implication, such additional powers, as are necessary for the due and efficient exercise of the powers expressly granted, or as may be fairly implied from the statute granting the express powers.''

The implied power in the case at bar is clearly ''To do any and all things necessary or incidental to the exercise of the powers and duties herein granted or imposed.'' The powers and duties granted or imposed by the statute are: To examine applicants as to their character and qualification and to issue and revoke licenses. The statute neither states nor implies that the board shall pass upon the reputability of a college nor does it say a college in good standing, but, on the contrary, the language of the statute is: ''Each applicant shall be a graduate of an incorporated college or school,'' and, further, in the requirements for eligibility of an applicant to take the examinations, the statute says he ''must give satisfactory proof of having attended . . . '' and, further, ''and shall present a high school diploma or other proof of equivalent education.'' We are of the opinion that the intendment of section 5 is that the applicant must give to the board satisfactory proof of his eligibility to take the examinations. The statute has gone further and required of the board that the examinations shall cover certain subjects and a certain average shall be attained before the certificate may be granted. The burden of proving his eligibility to take the examinations is put upon the applicant himself and the act contains no provision requiring or implying a privilege or duty on the part of the board of chiropractic examiners to examine a college as to its reputability. The case of *Ex parte Whitney,* 144 Cal. 167 [1 Ann. Cas. 13, 77 Pac. 879], cited by appellant, involved the power of the board of dental examiners. The power claimed in that instance is clearly implied in the act creating a board of dental examiners, to be found in the Statutes of 1915, page 698. It is therein provided that an applicant for a license to practice dentistry shall ''furnish satisfactory evidence of having graduated from a reputable

dental college which must have been approved by the Board of Dental Examiners of California." If the school must be reputable and must have been approved by the board, the board must have examined into the qualifications and status of the college and either approved or disapproved the college from which the applicant has graduated. Other jurisdictions have by statute given to the board of examiners the express or clearly implied power to examine and pass upon the reputability of medical or dental schools. In the case of *People* v. *Dental Examiner*, 110 Ill. 181, the court, at page 183, cites the Illinois statute as follows: "Unless such person shall have received a diploma from the faculty of some reputable dental college duly authorized by the laws of this state. . . . " And, further: "But said board shall at all times issue a license to any regular graduate of any reputable dental college without examination upon the payment by such graduate," etc.; and further in the opinion of the court it is held that the word "reputable" is in addition to the other requirements in regard to the college, and "whether a college be reputable or not is not a legal question but one of fact . . . the reputability of the college lies with the board of examiners." In *Iowa Medical College Assn.* v. *Schrader*, 87 Iowa, 661 [20 L. R. A. 355, 55 N. W. 24], it is clearly held that the law required the board of examiners to decide the standing of the college. The statute is cited as follows: "If the diploma is found genuine and is issued by a medical school legally organized and in good standing of which the state board of examiners shall determine." The court held that the action of the board of examiners in passing upon the standing of the college was within its jurisdiction and legal. ■ The powers here claimed by appellant have been granted by this and other states in similar statutes. Had it been intended that this board of examiners should exercise such control over chiropractic colleges, the act could have been so framed. It is not the province of the court to read into the statute what was not clearly the intent thereof. The act itself provides for the examination of the applicant by the board.

We are of the opinion that the judgment should be affirmed, and it is so ordered.

Sturtevant, J., and Koford, P. J., concurred.